# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ROCKY D. JOHNS, JR.**                                          **PLAINTIFF**
**ADC #163599**

v.                        No: 3:23-cv-00162-DPM-PSH

**DEXTER PAYNE,** *et al.*                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Rocky D. Johns, Jr., an inmate at the Arkansas Division of Correction's Grimes Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 28, 2023 (Doc. No. 1). Johns was subsequently granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his

claims (Doc. No. 3). Johns was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* On August 23, 2023, Johns filed an amended complaint (Doc. No. 4). The Court has screened his amended complaint and recommends that his claims be dismissed for lack of subject matter jurisdiction, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is

plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted). Additionally, if at any time, the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

In his original complaint, Johns alleges that department of correction employees have "failed to maintain a safe environment pertaining to the 'Clean Air Act.'" Doc. No. 2 at 4. In its order directing Johns to amend his complaint, the Court instructed him to clarify whether he sues the named defendants solely for violating the Clean Air Act ("CAA") or for also violating his constitutional rights. Doc. No. 3 at 4. He was further instructed to describe each defendant's involvement in the alleged violations of his constitutional rights and to describe specific facts to support his claims under the constitution and/or CAA. *Id.* In his amended complaint, Johns states:

> All stated of the employs of Department of Corrections have failed to maintain a safe environment pertaining to the "Clean Air Act." Black

> mold and other harmful fungus grow in the [ventilation] systems as well as the walls and are very visible to the eye. This has caused me serious physical complications as well as physical illness. The doc fails to clean out the [ventilation] and paints over black mold on the walls. They don't practice actions to remove any hazardous air pollutant for that matter.

Doc. No. 4 at 4. He seeks $100,000 in compensatory damages and asks that action be taken "to enforce removal of hazardous air pollutants." *Id.* at 5. The Court construes Johns' amended complaint as setting forth a claim solely under the CAA.[1]

Private citizens may bring suit to enforce emissions standards or permitting requirements under 42 U.S.C. § 7604(a); *Nucor Steel-Arkansas v. Big River Steel, LLC*, 825 F.3d 444, 448 (8th Cir. 2016). In such lawsuits, a court may order injunctive relief, impose civil penalties payable to the United States Treasury or other mitigation fund, and award litigation costs. 42 U.S.C. § 7604(a), (d) and (g). Accordingly, monetary damages are not recoverable under the CAA, and Johns' claim for compensatory damages should be dismissed for lack of subject matter

---

[1] To the extent Johns attempts to bring an Eighth Amendment claim even though he only refers to the CAA in his amended complaint, he has not described how each named defendant was involved in the violation of his rights despite being directed to do so. He simply states that "all the employ[ee]s" have failed to ensure he has a safe environment and clean air. This is insufficient to state a claim against any of the named defendants – a defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

jurisdiction. *See Torres Maysonet v. Drillex*, S.E., 229 F. Supp. 2d 105, 109 (D.P.R. 2002) (dismissing plaintiff's claim for monetary damages under the Clean Air Act for lack of subject matter jurisdiction).

Johns' request for injunctive relief is also subject to dismissal because he has not alleged that he complied with the CAA's notice-of-intent-to-sue provisions. The CAA provides that no citizen suit may be commenced:

> prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order …

42 U.S.C.A. § 7604(b)(1)(A); *see also Anderson v. Farmland Indus., Inc.*, 45 F. Supp. 2d 863, 865 (D. Kan. 1999). In the CAA context, "Administrator" refers to the Administrator of the Environmental Protection Agency. 42 U.S.C. § 7604(a). Notice to the "State" must be provided to the state's air pollution control agency. 40 C.F.R. § 54.2. Johns has not alleged that he provided any such notice, even after he was directed to address the CAA's notice requirement in his amended complaint. Accordingly, Johns' CAA claim is barred and should be dismissed without prejudice for lack of subject matter jurisdiction.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Johns' claims be dismissed without prejudice for lack of subject matter jurisdiction.

2.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 4th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE